

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

**AUSTIN**

113

GERALD C. MANN
ATTORNEY GENERAL

Honorable H.A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-1823A
Re: In a case charging the defendant with "swindling with a worthless check" tried in the county court, examining trial held in the justice court, and the defendant convicted and serves his fine and costs in jail, should the county clerk include in the costs of the constable only $3.00 (C. C.P. 1072), or is the constable entitled to have included mileage made by him in going to arrest and returning the defendant? And related questions.

Your request for an opinion on the above and related questions has been received by this office.

We quote from your letter as follows:

"1. In a case charging the defendant with 'swindling with a worthless check' tried in the county court, examining trial held in the justice court, and the defendant convicted and serves his fine and costs in jail should the county clerk include in the costs of the constable only $3.00 (C.C.P. 1072), or is the constable entitled to have included the mileage made by him in going to arrest and returning the defendant?

"2. In a case where the charge is a misdemeanor, in passing worthless checks, is the constable allowed the same mileage as in a felony case, which is 5¢ per mile going to arrest, 28¢ returning with the prisoner, and 8¢ per mile for each additional prisoner, or should it be the misdemeanor mileage, 7½¢ going to arrest and 10¢ returning with the prisoner?

"3. Does the fact that the constable goes out of the county to make the arrest alter the mileage charge in any way?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H.A Hodges, Page 2

Article 1072, Code of Criminal Procedure, reads as follows:

"Sheriffs and constables serving process and attending any examining court in the examination of a misdemeanor case shall be entitled to such fees as are allowed by law for similar services in the trial of such cases, not to exceed three dollars in any one case, to be paid by the defendant in case of final conviction."

The provisions of this article are plain and unambiguous. It allows a sheriff or constable for serving process and attending an examining court in a misdemeanor case the same fees as are allowed by law for similar services in the trial of a misdemeanor case. The fees which a sheriff may charge in a misdemeanor case are enumerated in Article 1065, Code of Criminal Procedure. Article 1067 of that Code permits constables to collect the same fees for services performed for justices in criminal actions as are allowed to sheriffs. Article 1065 allows mileage to be collected by the officer in executing criminal process which includes the execution of a warrant of arrest. A sheriff or constable performing services under Article 1072 may tax his cost as if the defendant was actually on trial to determine his guilt or innocence, but he may not collect in any one case more than three dollars. Of course, if the officer's cost is less than three dollars, he may not collect more than the actual amount earned.

Your questions, as we construe them, have reference to misdemeanors arising under Article 567b, sec. 5, Vernon's Penal Code, where it is, among other things, provided that "all officers issuing and serving such process in or out of the county wherein the prosecution is pending....shall be compensated in like manner as though the offense were a felony in grade."

The above quoted provision has evidently raised in your mind the question of whether or not a sheriff or constable attending an examining court in a misdemeanor case arising under said Article 567b would be entitled to his arrest mileage fees as is provided in Article 1020, Code of Criminal Procedure, as amended in 1933, which article fixes the fees, including mileage, which said officers, if compensated on a fee basis, may collect from the State for services rendered in connection with an examining trial of a person charged with a felony.

In this connection, we will advise that in our Opinion No. O-143, a copy of which is enclosed herewith, it was ruled that officers serving process in a misdemeanor prosecuted under Article 567b were not entitled to the same fees and mileage as they would be if the case were a felony, but entitled to only such fees and mileage as are allowed by statute in other misdemeanor cases. We enclose a copy of that opinion which explains the reason for such ruling.

Therefore, you are advised that a sheriff or constable cannot collect exceeding three dollars for all services rendered under Article 1072, Code of Criminal Procedure, in a case where the defendant is charged with a misdemeanor under Article 567b, Vernon's Penal Code.

From what we have said above and in Opinion No. O-1981, it becomes unnecessary to answer your second or third questions.

Trusting that this satisfactorily answers your inquiry, we are

APPROVED JAN 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Fred C. Chandler

Fred C. Chandler
Assistant

BCC:AW

